UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EVELYN NEW WANG, Plaintiff, | ) | |
| v. | ) | Civil Action No. 25-3925 (PLF) |
| MARKWAYNE MULLIN,[1] et al. Defendants. | ) | |

MEMORANDUM OPINION

Pro se plaintiff Evelyn New Wang filed her complaint in this civil action on November 12, 2025, and the Clerk of the Court issued summonses to Ms. Wang on December 17, 2025. See Minute Entry of December 17, 2025. Ms. Wang twice requested that the Court issue an order requiring the U.S. Marshals Service to effectuate service of process on defendants on her behalf. See Motion for Order for Service by U.S. Marshals Service [Dkt. No. 3]; Motion for Order for Service by U.S. Marshals Service [Dkt. No. 7]. The Court twice denied her motions, explaining that because Ms. Wang is not proceeding in forma pauperis, she herself is responsible for serving the defendants with process, consisting of the summons and a copy of her complaint. See Order of November 15, 2025 [Dkt. No. 5]; Order of March 23, 2026 [Dkt. No. 21]. See also Rule 4(c) of the Federal Rules of Civil Procedure, available at

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Secretary of Homeland Security Markwayne Mullin has been substituted for former Secretary Kristi L. Noem as the named defendant in this case. Kristi L. Noem was the Secretary of Homeland Security at the time Ms. Wang filed this civil action, but Markwayne Mullin became the Secretary of Homeland Security on March 24, 2026.

https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure. The docket reflects that no service of process was made in response to the Court's orders. On May 15, 2026, the Court ordered Ms. Wang to show cause on or before July 15, 2026, why her case should not be dismissed for lack of service of process. See Order of May 15, 2026 [Dkt. No. 28]. Ms. Wang responded on July 15, 2026. See Amended Motion to Petition for a Writ of Mandamus to U.S. District Court for the District of Columbia for a Court Order to Direct U.S. Marshals Service (USMS) to Effectuate Service of Process ("Amended Mot.") [Dkt. No. 34].

As the Court has explained, plaintiffs who proceed pro se in civil actions have a responsibility to comply with this Court's Local Civil Rules, available at http://www.dcd.uscourts.gov/dcd/local-rules, as well as the Federal Rules of Civil Procedure. Under Rule 4 of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice . . . or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." See Rule 4 (m) of the Federal Rules of Civil Procedure. Ms. Wang's complaint was filed on November 12, 2025, so the 90-day period within which Ms. Wang should have served the defendants expired on February 10, 2026.

"Generally, a plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.""" White v. Hill, Civil Action No. 21-2348 (FYP), 2021 WL 8055764, at *4 (D.D.C. Dec. 29, 2021) (quoting Rule 4 (c)(1) of the Federal Rules of Civil Procedure). The U.S. Marshals Service, instead of the plaintiff, carries out the service of process only in limited

circumstances. "When a plaintiff proceeds both pro se and in forma pauperis . . . the Clerk of Court issues the summonses and causes service of process to be effectuated by the United States Marshals Service on the defendants." White v. Hill, 2021 WL 8055764 at *4 (citing 28 U.S.C. § 1915(d) and FED. R. CIV. P. 4(c)(3)). While the Court has discretion to order service of process by the U.S. Marshals Service in some limited circumstances, when a plaintiff is proceeding pro se but not in forma pauperis, the Court generally does not order the U.S. Marshals Service to effectuate service of process. See Rule 4(c)(3) of the Federal Rules of Civil Procedure.

In her response to the Court's order to show cause, Ms. Wang continues to argue that the Court should order service of process by the U.S. Marshals Service. She asserts that the person she hired to complete service of process in a separate and unrelated case, Brandon Anthony Snesko of Same Day Process Service, Inc., died unexpectedly and so, the Court infers, he is unable to provide this service for her in this case. See Amended Mot. at 4. In addition, Ms. Wang asserts that any person has a "clear right to pay for the U.S. Marshals Service (USMS) to perform one of their ordinary job functions to effectuate service of process onto the Defendant(s) . . . who are U.S. Federal Government Officials," citing the U.S. Marshals Service website. Amended Mot. at 5. Because of the national security interests assertedly at stake in her case, Ms. Wang suggests that the U.S. Marshals Service – rather than a small-business service of process company – "would have added an extra layer of protection for all parties involved." Id. Ms. Wang contends that she has tried to effectuate service of process as required by asking this Court to order the U.S. Marshals Service to complete the task but, she says, this Court has denied her requests based on several "bad actors" "strong-arming" the Court. Id. at 5-6.

None of Ms. Wang's assertions provides a basis for this Court to order service of process by the U.S. Marshals Service. Ms. Wang does not explain why she is unable to hire a different process server if the person she hired in a different case passed away. She also fails to explain adequately why she is unable to complete service of process without the assistance of the U.S. Marshals Service. She has used a service of process provider in the past, and it is unclear why that method is not available in this case. See White v. Hill, 2021 WL 8055764 at *4; see also Bozgoz v. Blackwell, Civil Action No. 19-2790 (RDM), 2021 WL 1518337, at *4 (D.D.C. Apr. 16, 2021) (requiring plaintiffs to explain why alternate methods of service "would prove unsuccessful or futile . . . such that the assistance of the USMS would be required"). And contrary to Ms. Wang's assertions, the Court can find nothing on the U.S. Marshals Service website indicating that any person could pay them to effectuate service of process. Although pro se litigants such as Ms. Wang generally "are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings[,]" this principle "does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure[.]" Judd v. FCC, 276 F.R.D. 1, 6 (D.D.C. 2011) (quoting Lawson v. Pepco, 721 F.Supp.2d 1, 3-4 (D.D.C. 2010) (internal quotations and citation omitted).

Ms. Wang's allegation that the Court has been "strong-armed" into denying her two motions to order service of process by the U.S. Marshals Service is untrue. See Amended Mot. at 5-6. The Court independently examined the relevant Federal Rules of Civil Procedure and the Local Civil Rules and denied her motions because she is not proceeding in forma pauperis. She has provided no legitimate reason why the U.S. Marshals Service should be required to serve process on her behalf. Unless that condition changes, the Court declines to

exercise its discretion to order service of process by the U.S. Marshals Service. Because Ms. Wang has not adequately shown why this case should not be dismissed for lack of service of process, her case will be dismissed and her pending motions will be denied as moot.

An Order consistent with this Opinion shall be issued this same day.

SO ORDERED.

Paul L. Friedman

PAUL L. FRIEDMAN
United States District Judge

DATE: 9/30/26